UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMBIORIX MARTE**, | |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **STONY HILL INN, INC.**, and **JOSEPH SANZARI, Individually,** | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff, AMBIORIX MARTE ("Plaintiff" or "Marte"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants STONY HILL INN, INC., ("Stony Hill Inn") and JOSEPH SANZARI, Individually ("Sanzari") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

1

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt salad preparation duties for the Defendants' in Hackensack, Bergen County, New Jersey, and is thus within the jurisdiction and venue of this Court.

6. Defendant Stony Hill Inn is in the restaurant, banquet and catering business, serving patrons throughout the country and world its food and beverage.

7. Defendant Stony Hill Inn is therefore within the personal jurisdiction and venue of this Court.

## PARTIES

**Plaintiff Ambiorix Marte**

8. Plaintiff Marte is an adult individual residing in Manhattan, New York County, New York.

9. Plaintiff Marte commenced work for Defendants in or about June, 2016, through February 2018.

10. Plaintiff was and continues to be paid a salary of $869.00 per week, in exchange for his agreement to work five (5) days, give or take fifty-five (55) hours per week.

11. Plaintiff was not paid for any hours worked in excess of fifty five (55) hours per week

12. Plaintiff routinely worked six (6) to seven (7) days per week, between sixty (60) and eighty (80) hours per week

**Defendant Stony Hill Inn**

13.     Defendant, Stony Hill Inn, is a New Jersey corporation, operating a restaurant, catering and banquet business.

14.     At all times relevant to this Complaint, Defendant Stony Hill employed Plaintiff to work providing services for its benefit.

15.     At all times relevant to this Complaint, Stony Hill's annual gross volume of sales made or business done was not less than $500,000.00.

16.     At all times relevant to this Complaint, Stony Hill was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

17.     Stony Hill regularly used the channels of interstate banking to purchase goods and services and to accept payment from its consumers for its goods and services sold.

18.     Upon information and belief, Individual Defendant Sanzari is a New Jersey state resident.

19.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Sanzari has been an owner, partner, officer and/or manager of the Defendant Stony Hill Inn.

20.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Sanzari has had power over personnel decisions at the Defendant Stony Hill's business.

21.     Defendant Sanzari was present at Stony Hill premises daily, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

22. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all overtime hours worked in a work week.

23. Plaintiff routinely worked between sixty (60) and eighty (80) hours per week.

24. Plaintiff was paid $869.00 per week regardless of the hours he worked.

25. Plaintiff did not work in a managerial capacity.

26. Plaintiff was not paid overtime for the hours that he worked in excess of fifty five (55) hours in a work week.

27. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

28. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

29. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

30. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

31. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

32. At all times pertinent to this complaint, Defendants failed to comply with Title 29

U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services for Defendants for which Defendants made no provision to pay Plaintiffs compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

33. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

34. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

35. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each and every overtime hour worked per work period.

36. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for his overtime hours worked in a work period.

37. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

39. Plaintiff re-alleges and incorporates here by reference, all allegations contained in

the paragraphs above.

40. Defendants' aforementioned conduct is in violation of the NJWHL. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

41. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff AMBIORIX MARTE demands judgment, against Defendants, STONY HILL INN, INC., and JOSEPH SANZARI, Individually, for the payment of compensation for all overtime hours at one and one-half times his regular rate of pay due him for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: March 9, 2018	Respectfully submitted,

s/ Andrew I. Glenn
	Andrew I. Glenn, Esquire
	E-mail: AGlenn@JaffeGlenn.com
	New Jersey Bar No.: 026491992
	Jodi J. Jaffe, Esquire
	E-mail: JJaffe@JaffeGlenn.com
	New Jersey Bar No.: 022351993
	**JAFFE GLENN LAW GROUP, P. A.**
	301 N. Harrison Street, Suite 9F, #306
	Princeton, New Jersey 08540
	Telephone: (201) 687-9977
	Facsimile: (201) 595-0308
	*Attorneys for Plaintiff*